UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JUSTIN SOCHA,

       Plaintiff,                           Hon. Janet T. Neff

v.                                          Case No. 1:13-cv-1026

CITY OF EAST LANSING, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (Dkt. #78). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **dismissed**.


## BACKGROUND

In his complaint, Plaintiff makes the following allegations. (Dkt. #1). In the early morning hours of September 19, 2010, Plaintiff traveled to an unknown residence to meet a friend. After arriving at this location, Plaintiff and his friend exited through the rear entrance. Upon exiting the residence, Plaintiff and his friend were confronted by Officers Jeffrey Thomas and Anthony Fuller of the East Lansing Police Department. Plaintiff and his friend were then unlawfully detained for a period of time after which they were allowed to go. Shortly thereafter, Plaintiff and his friend returned to the previous location where they again encountered the officers who charged Plaintiff with public urination. Plaintiff was later acquitted of this charge. Plaintiff initiated the present action on September 18, 2013, against Officers Thomas and Fuller, as well as the City of East

Lansing. Defendants have moved for summary judgment. Plaintiff has failed to respond to Defendants' motion.

## **LEGAL STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere

"scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER,

*Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.**         **Unlawful Seizure - Count I**

In Count I of his complaint, Plaintiff alleges that Defendants Thomas and Fuller unlawfully detained him on the morning in question in violation of his Fourth Amendment rights.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons...against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. A seizure occurs when "under the totality of the circumstances, a reasonable person would have believed that he or she was not free to walk away." *Brown v. Lewis*, 779 F.3d 401, 412 (6th Cir. 2015). The law recognizes two distinct types of seizure to which different levels of scrutiny apply. To perform an "investigatory stop," an officer need only possess reasonable suspicion of criminal activity whereas an "arrest" is lawful only where the officer can demonstrate probable cause. *Id.*

In support of their motion for summary judgment, Defendants have submitted affidavits from Officers Fuller and Thomas. (Dkt. #79). This testimony establishes the following.

On the morning in question, Officers Fuller and Thomas observed "a significant amount of glass in the roadway" that was the result of beer bottles thrown from the residence at 135 Burcham. The officers later observed Plaintiff and his friend "running" through the backyard of the residence at 135 Burcham. Given that it was very early in the morning, that beer bottles had been thrown into the street from the residence at 135 Burcham, and that Plaintiff and his friend were running away from that residence, Officer Thomas made the determination to briefly detain the pair.

In speaking with the pair, Officer Thomas learned that both had been drinking alcohol and, moreover, that Plaintiff had been smoking marijuana. Thomas then processed their names through a law enforcement database which revealed that Plaintiff's friend was underage and Plaintiff was on probation. At this juncture, Officer Thomas could have arrested Plaintiff for a probation violation and arrested his friend for underage drinking. Instead, Officer Thomas asked the pair to sweep the glass from the roadway which the pair agreed to do after which they departed the area. Plaintiff later returned to the area at which point Officer Fuller observed Plaintiff urinating in public. Plaintiff was given a citation for this offense after which he was allowed to leave.

This evidence reveals that Defendants had reasonable suspicion to initially detain Plaintiff. This suspicion blossomed into probable cause once it was determined that Plaintiff had committed a probation violation. Thus, the detention of Plaintiff during the initial encounter described above was lawful. As for the subsequent detention of Plaintiff for the purpose of writing him a ticket for public urination, such was also lawful as Officer Fuller testified that he observed Plaintiff urinating in public. Plaintiff has failed to respond to Defendants' motion and thus has presented no evidence to refute the officers' testimony. Accordingly, the undersigned recommends that Defendants' motion for summary judgment be granted as to these claims.

**II.     Conspiracy - Count III**

In Count III of his complaint, Plaintiff alleges that Defendants Fuller and Thomas participated in a conspiracy, in violation of 42 U.S.C. § 1985(3), the purpose of which was to deprive Plaintiff of his constitutional rights. To prevail on a conspiracy claim under § 1985(3), Plaintiff must establish the following: (1) a conspiracy involving two or persons; (2) for the purpose of depriving the plaintiff of the equal protection of the laws due to racial or class-based animus; (3) an act in furtherance of the conspiracy, and (4) which resulted in injury to the plaintiff. *See Maxwell v. Dodd*, 662 F.3d 418, 422 (6th Cir. 2011) (citing 42 U.S.C. § 1985(3) and *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)).

Defendants are entitled to summary judgment on this claim for two reasons. First, as discussed above, Plaintiff cannot establish that Defendants Fuller or Thomas violated Plaintiff's rights. Moreover, even if Plaintiff could establish any such violation, Plaintiff has presented no evidence that Defendants acted due to racial or class-based animus. Accordingly, the undersigned recommends that Defendants' motion for summary judgment be granted as to these claims.

**III.     Malicious Prosecution - Count IV**

In Count IV of his complaint, Plaintiff alleges that Officers Thomas and Fuller, by charging him with public urination, violated his right to be free from malicious prosecution.

To establish malicious prosecution, Plaintiff must establish the following elements: (1) a criminal prosecution was initiated against Plaintiff and Defendants made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, Plaintiff suffered a deprivation of liberty

apart from the initial seizure; and (4) the criminal proceeding was resolved in Plaintiff's favor. *See Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015). Moreover, Plaintiff must demonstrate that Defendants acted with "some kind of blameworthiness, something beyond mere negligence or innocent mistake." *Id.* at 655 ("even false testimony is not actionable as malicious prosecution unless deliberate - i.e., given with knowledge of, or reckless disregard for, its falsity").

Plaintiff was acquitted of public urination following a trial, however, even if the Court assumes that Defendants made, influenced, or participated in the decision to prosecute, Plaintiff cannot satisfy elements (2) or (3) above. Defendant Fuller testified that he observed Plaintiff urinating in public and that such was the basis for charging Plaintiff with such. Plaintiff has presented no evidence that this assertion was deliberately untruthful or otherwise actionable. Plaintiff has also failed to present evidence that receiving a ticket for public urination resulted in him experiencing any deprivation of liberty apart from the initial seizure when the ticket was issued. Accordingly, the undersigned recommends that Defendants' motion for summary judgment be granted as to these claims.

**IV.** **Municipal Liability - Count II**

In Count II of his complaint, Plaintiff alleges that the City of East Lansing is liable for the allegedly unconstitutional conduct of Officers Thomas and Fuller based on the City's alleged failure to train and supervise the officers.

Plaintiff asserts this action pursuant to 42 U.S.C. § 1983 which provides, in relevant part, that "[e]very person who," under color of law, "subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

be liable to the party injured." 42 U.S.C. § 1983. A municipality or other entity of local government may be held liable under § 1983 if "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Governmental entities, however, "are not vicariously liable under § 1983 for their employees' actions," but instead can only be held liable for "their own illegal acts." *Id.* To impose liability on a governmental entity, the plaintiff "must prove that action pursuant to official municipal policy caused their injury." *Id.* at 60-61. In this context, official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

Defendant is entitled to summary judgment on this claim for two reasons. First, as discussed above, Plaintiff cannot demonstrate that he suffered a violation of his rights. Moreover, even if it is assumed that Plaintiff could demonstrate that Officer Thomas or Officer Fuller did violate his rights, Plaintiff has presented no evidence that such was the result of any policy or custom of the City of East Lansing. Accordingly, the undersigned recommends that Defendants' motion for summary judgment be granted as to this claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (Dkt. #78), be **granted** and this action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 8, 2016    /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge